CRAIN, Judge.
This appeal is from a judgment of the trial court which dismissed plaintiff’s suit seeking repayment of an alleged personal loan made to the defendant. Plaintiff appealed.
This matter arises out of a transaction between the plaintiff, Industrial Enterprises, Inc. (Industrial), and the defendant, James H. Kidd, president of Louisiana Petroleum Services, Incorporated (Louisiana Petroleum).
On February 8, 1980, a check was issued from Industrial to Louisiana Petroleum in the amount of $5,941.39. The defendant cashed the check at Fidelity National Bank in Baton Rouge and then deposited the cash in a company account at Baton Rouge Bank.
A promissory note, payable on demand was then executed on April 17, 1980, by Louisiana Petroleum payable to the order of Industrial for the principal sum of $6,400.00.
On June 2, 1981, a letter was sent by plaintiff’s attorney addressed to Louisiana Petroleum, attention Jim Kidd, demanding payment on the demand note. No payment was made, and plaintiff filed suit against Kidd for repayment of the loan claiming that the loan was strictly personal. Kidd answered denying any liability alleging that the loan was between the two companies only.
After trial on the merits, the trial judge in his oral reasons held that the evidence of the indebtedness was written and that the parol evidence rule prohibits introduction of evidence to contradict or modify the written agreement.[1] Plaintiff claims on appeal that this was error. We affirm.
Appellant argues that the indebtedness was based on an oral agreement en *598 tered into prior to the issuance of the check and execution of the promissory note. Consequently, it is argued that the testimony of those involved in the transaction should be admitted to set forth the terms of the agreement. The appellant’s specification of error addresses a factual finding of the trial judge as to whether the indebtedness was based on an oral agreement or on the promissory note. The trial court determined the latter. It is well established that where there is conflict in the testimony, the trial court’s factual determination will not be disturbed on appeal absent a showing of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
At trial there was conflict in the testimony. Industrial’s vice-president, Terry Smith, testified to an oral agreement between him and Kidd for a personal loan he made to Kidd. Kidd testified that the loan was between the two companies only, and the indebtedness was represented by the promissory note. Under the standard for appellate review of fact established by Canter, the reviewing court must give great weight to factual conclusions of the trier of fact and where there is conflict in the testimony reasonable evaluations of credibility will not be disturbed upon review.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be paid by the appellant.
AFFIRMED.

. The written evidence of the indebtedness was the promissory note, not the check as suggested *598 by the trial judge in his oral reasons for judgment.